## STRONG v. J. CHEIN & CO.

District Court, D. New Jersey.
Jan. 20, 1933.

William Reger, of Jersey City, N. J., for plaintiff.

Andrew Foulds, Jr., of Passaic, N. J., for defendant.

FAKE, District Judge.

This suit was instituted by the plaintiff for the infringement of a patent issued to her on February 9, 1915, numbered 1,127,-820.

The allegations of infringement are confined to claims 1, 2, and 3 of the patent, which are as follows:

"1. An improved toy sand pail formed in the shape of an animal having a hollow interior and provided with an opening for receiving the sand, and an elongated passage leading to an opening at the forward part of the pail through which the sand may be discharged, the legs of the animal serving as a base for the pail.

"2. A toy sand pail formed in the shape of an animal having a hollow interior and provided with an opening adjacent the top for receiving the sand, a bail pivoted to the body, and a constricted passageway leading to an opening in the forward part of the pail through which the sand may be discharged, the legs of the animal serving as a base for the pail.

"3. A toy sand pail formed in the shape of an animal having a hollow neck, body, and head and formed with an opening at the top thereof, said neck serving as an elongated, constricted passageway through which the sand may travel to the mouth of the animal constituting the discharge opening of the pail when it is desired to discharge the sand from the pail."

Examining the file wrapper, we find that the Examiner in rejecting the claims as originally presented said: "The patents to Whitney and Carlton each show a pail with a hollow interior and with an opening at the top, and means for discharging the contents from the pail. To make a receptacle in the form of an animal is old as is shown in the patent to Schencker, and there would be no invention in making Whitney's and Carlton's devices in such form."

As a result of the Examiner's views concerning the claims as originally presented, claim 1 was amended by inserting "an elongated passage leading to an opening at the forward part of the pail" and further inserting "the legs of the animal serving as a base for the pail."

Claim 2 was amended by adding "a bail pivoted to the body."

Claim 3 was amended by adding a "neck serving as an elongated, constricted passageway through which the sand may travel to the mouth of the animal constituting the discharge opening of the pail.  *  *  *"

The defendant's device differs from that of the plaintiff, in that it has no elongated passage leading to an opening, the opening being but slightly above the body and of no appreciable elongation. Nor has defendant's device legs serving as a base, but, in place thereof, traction wheels. Again, defendant's device has no bail pivoted to the body. It has an eyelet in the front so a string may be attached to pull it along, and it has a socket at the back in which to place a small shovel.

It is argued that the amendments to the claims as above quoted should be construed as limitations. This doctrine, as I understand it, "applies only to material modifications which alter the mode of operation, and so if the mode of operation is not affected the limitation can properly be disregarded." Walker on Patents (6th Ed.) § 237.

None of the differences which exist between the defendant's device and that of the plaintiff as above outlined are such as to alter the mode of operation contemplated by plaintiff's device. They are mere differences of design. The mode of operation is nothing more than the filling of the container with sand and discharging the same through an aperture in the neck of the design.

What is this device, then, so far as patentable novelty is concerned? It has no functions, aside from its design, which do

not pertain to a tea kettle, a coffee pot, a coal hod, or an ice water pitcher, and it is not a design patent.

The ruling by the Examiner quoted above, to the effect that to make a receptacle in the form of an animal is old, applies with equal force to the amendments which were allowed in the Patent Office upon which the patent was finally issued. The claims are clearly anticipated.

A decree for the defendant may be entered.